FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAN 10 2003

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

GERALD GUTH and BARBARA GUTH, husband and wife,

    Plaintiffs,

v.

TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY, a California corporation, *et al.*,

    Defendants.

NO. CT-01-5078-RHW

**ORDER DISMISSING PLAINTIFFS' ERISA CLAIM AND REMANDING REMAINING CLAIMS**

## BACKGROUND

**A.    Substantive Facts of the Case**

Before the Court are Defendant Joan Carman's Motion for Summary Judgment (Ct. Rec. 55) and Defendant Transamerica Occidental Life Insurance Company's ("Transamerica") Motion for Summary Judgment (Ct. Rec. 49). The factual background of this case is relatively straightforward.

In 1990, Defendant Transamerica issued a $400,000 life insurance policy to Ronald Carman. Around the time the insurance policy was issued, Mr. Carman allegedly offered a deal to Plaintiff Gerald Guth in which Mr. Carman offered to Mr. Guth the opportunity to pay the premiums on the policy in return for policy proceeds upon the death of Mr. Carman. Mr. Guth worked for Mr. Carman, and supposedly the deal was offered so that Mr. Guth would have money to buy Mr. Carman's business upon his passing. Mr. Guth turned down the offer because he

**ORDER DISMISSING PLAINTIFFS' ERISA CLAIM AND REMANDING REMAINING CLAIMS * 1**

and his wife could not afford the premiums.

Nevertheless, Mr. Guth was named as a beneficiary, along with Mr. Carman's wife, on the policy. Defendant Al Lentz, a broker for Transamerica, testified that a change of beneficiary form had been signed and submitted by Mr. Carman prior to his death. The beneficiary was never changed, however, to remove Mr. Guth from the policy.

On October 16, 1999, 12 days after Mr. Carman's death, Mr. Guth signed a Quit Claim Deed conveying his interest in the policy proceeds to Mrs. Carman. Subsequently, Transamerica paid all the policy proceeds to Mrs. Carman on October 22, 1999.

Six months later, on March 3, 2000, Mr. Guth filed a complaint with the Washington State Insurance Commissioner, claiming he was wrongly induced to sign the Quit Claim Deed. Later, Plaintiffs filed this action. Plaintiffs' complaint alleges ERISA claims for recovery of benefits and declaratory relief, as a well as causes of action for breach of contract, breach of the duty of good faith, Washington Consumer Protection Act violations, negligent misrepresentation, and fraud. (Ct. Rec. 38.) Both Defendant Joan Carman and Defendant Transamerica move for summary judgment, dismissing Plaintiffs' claims against each of them in their entirety.

**B.    Procedural Posture of the Case**

This case was initially filed in Walla Walla County Superior Court in August 2000. The original complaint only asserted Washington state law claims. Nearly a year later, Plaintiffs amended the complaint to assert an Employee Retirement Income Security Act ("ERISA") claim against Defendant Transamerica. *See* 29 U.S.C. § 1001 *et seq.* Subsequently, in September 2001, all Defendants joined in a notice of removal of the action to this Court.

Thus, it is the presence of the ERISA claim that confers subject matter jurisdiction on the Court. On summary judgment, Defendant Transamerica

**ORDER DISMISSING PLAINTIFFS' ERISA CLAIM AND REMANDING REMAINING CLAIMS * 2**

challenges the legal sufficiency of the ERISA claim. Consequently, the Court addresses the ERISA issue first, because its resolution affects the Court's exercise of jurisdiction over the remainder of the case.

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

"When a motion for summary judgement is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e).

### B. Validity of the ERISA Claim

Defendant Transamerica asserts that Plaintiffs' ERISA claim should be dismissed as a matter of law. Rather than address the validity of the ERISA claim in response to Defendant Transamerica's motion, Plaintiffs address the ERISA issue in response to the first argument raised by Defendant Carman in her motion for summary judgment. Defendant Carman claims that because Ron Carman substantially complied with the change of beneficiary requirements of the policy, Washington law recognizes Joan Carman as the sole beneficiary. Rather than

**ORDER DISMISSING PLAINTIFFS' ERISA CLAIM AND REMANDING REMAINING CLAIMS * 3**

challenge the "substantially complied" rule of law under Washington law, Plaintiffs defend against this argument by simply asserting that the life insurance policy at issue constitutes an "employee benefit plan" under the Employee Retirement Income Security Act ("ERISA"). As such, Plaintiffs maintain that the change of beneficiary is governed by federal law because ERISA preempts state law "relating to" such plans. Thus, as a threshold issue, the Court must determine whether the policy is subject to ERISA.

Clearly, the insurance policy does not qualify as an "employee benefit plan" under ERISA and, thus, state law is not preempted. Section 514(a) of ERISA, 29 U.S.C. § 1144(a), provides:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any **employee benefit plan** described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

(Emphasis added.) Section 514(a) thereby provides, in sum, that "[i]f a state law 'relate[s] to . . . employee benefit plan[s],' it is pre-empted." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45 (1987). The "plan" distinction is important, for "ERISA's pre-emption provision does not refer to state laws relating to 'employee benefits,' but to state laws relating to 'employee benefit plans.'" *See Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 7 (1987). Although the Supreme Court has stated that the words "relate to" are to be construed expansively, it tempered this statement by emphasizing that there was no support for reading the word "plan" out of the statute. *Id.* at 8.

Therefore, the important question is whether "the conver[ted] policy is itself subject to ERISA regulation as an ERISA plan." *Waks v. Blue Cross/Blue Shield*, 263 F.3d 872, 874 (9th Cir. 2001) (quoting *Demars v. CIGNA Corp.*, 173 F.3d 443, 445 (1st Cir.1999)). The answer is plain. An employee benefit plan must cover at least one employee to constitute an ERISA benefit plan. *See Peterson v.*

**ORDER DISMISSING PLAINTIFFS' ERISA CLAIM AND REMANDING REMAINING CLAIMS * 4**

*American Life & Health Ins. Co.*, 48 F.3d 404, 407 (9th Cir.1995). Mr. Carman's life insurance policy covered him as an individual and not as an employee of his business or of any other employer. As such, the life insurance plan does not constitute an "employee benefit plan" under ERISA and, thus, state law is not preempted. *See LaVenture v. Prudential Ins. Co. of America*, 237 F.3d 1042, 1045 (9th Cir. 2001) (holding that "[an] owner of a business is not considered an 'employee' for purposes of determining the existence of an ERISA plan.").[1] ERISA has no application to the insurance policy. Consequently, Plaintiffs cannot rely on ERISA as a defense to Defendant Carman's claims, and the ERISA claims asserted against Defendant Transamerica are improper as a matter of law.

As alluded to above, the absence of any cognizable ERISA claim in this case presents a jurisdictional problem. Federal jurisdiction in this case was premised on the ERISA claim, which provided the Court subject matter jurisdiction. Upon dismissal of the ERISA claim, all that remains are state law claims. By finding that the insurance policy is not subject to ERISA, the Court has determined that it lacks subject matter jurisdiction.

In this instance, the Court refuses to exercise jurisdiction over the remaining state law claims. The Court construes its decision on the ERISA claim as a dismissal for lack of subject matter jurisdiction. As such, the Court has no discretion to retain supplemental jurisdiction over the remaining state law claims. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir.2001) ("If the district court dismisses all federal claims on the merits, it has discretion under § 1367(c) to adjudicate the remaining claims; if the court

---

[1] In addition, Title 29 C.F.R. § 2510.3-3(c)(1) provides that: "[a]n individual and his or her spouse shall not be deemed to be employees with respect to a trade or business, whether incorporated or unincorporated, which is wholly owned by the individual or by the individual and his or her spouse. . . ."

**ORDER DISMISSING PLAINTIFFS' ERISA CLAIM AND REMANDING REMAINING CLAIMS * 5**

dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims."). As such, all of the remaining state law claims must be remanded to the state court from which they were originally removed for proper adjudication. *See* 28 U.S.C. § 1447(c). To the extent, however, that the Court's decision on the ERISA claim is construed as a decision on the merits, the Court nonetheless still would choose not to exercise supplemental jurisdiction over the remaining state law claims and would remand those claims to the state court for adjudication. *See City of Chicago v. International Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997) (holding that district courts may decline to exercise jurisdiction over supplemental state law claims in the interest of judicial economy, convenience, fairness, and comity). The remaining claims involve state law issues exclusively, which are best resolved by a state court with expertise over such matters.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Court does not reach the summary judgment motions in light of the forgoing jurisdictional decision; and

2. Plaintiffs' ERISA claim against Defendant Transamerica is **DISMISSED**; and

3. All remaining claims are **REMANDED** to state court for adjudication.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and to furnish copies to counsel.

**DATED** this 10th day of January, 2003.

/s/ Robert H. Whaley
ROBERT H. WHALEY
United States District Judge

Q:\Civil\2001\Guth.sj.mots.ord3.wpd

**ORDER DISMISSING PLAINTIFFS' ERISA CLAIM AND REMANDING REMAINING CLAIMS \* 6**